**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RENEE KAUSKY<br>1885 County Road 11<br>Dillonvale Ohio 43917, | ) )  ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE: |
| v. | ) ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| SUNNYSIDE CLEANING SERVICE, INC.<br>c/o Jeffrey K. Lucas<br>Statutory Agent<br>198 A Main Street<br>Rayland, Ohio 43943 | ) )  )  )  ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| -and- | ) ) | |
| NICK LUCAS<br>198 A Main Street<br>Rayland, Ohio 43943, | ) )  ) | |
| Defendants. | ) ) | |

Plaintiff, Renee Kausky, by and through undersigned counsel, as her Complaint against

Defendants, states and avers the following:

## PARTIES AND VENUE

1. Kausky is a resident of the village of Dillonvale, Jefferson County, Ohio.

2. Sunnyside is a domestic corporation with its principal place of business located at 198 A Main

    Street, Rayland, Jefferson County, Ohio 43943.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Kausky is

    alleging federal law claims regarding the deprivation of Kausky's rights under the Title VII of

    the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e.

4. N. Lucas is a resident of the state of Ohio.

5. N. Lucas was acting in the course and scope of his employment with Sunnyside.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. All material events alleged in this Complaint occurred in Jefferson County, Ohio.

8. Within 300 days of the conduct alleged below, Kausky filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2021-02341 against Defendant.

9. Kausky dually filed her charge with the EEOC and the Ohio Civil Rights Commission.

10. On or about August 10, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Kausky regarding the Charge of Discrimination.

11. Kausky received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

12. Kausky filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Kausky has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

15. Defendant is a company that provides cleaning services to various local businesses.

16. Kausky had a child in June 2018.

17. Defendant hired Kausky on or around October 11, 2020, as a cleaner.

18. At all times relevant herein, Sunnyside employed Nick Lucas as a supervisor.

19. At all times relevant herein, N. Lucas had the authority to hire and fire Sunnyside's employees.

2

20. At all times relevant herein, N. Lucas had the authority to take tangible employment actions against Kausky.

21. On or around February 21, 2021, N. Lucas approached Kausky as she was alone cleaning a bathroom.

22. On or around February 21, 2021, N. Lucas made unwelcome sexual advances on Kausky ("Unwelcome Advances").

23. The Unwelcome Advances included, but were not limited to, N. Lucas repeatedly grabbing Kausky's breasts.

24. The Unwelcome Advances included, but were not limited to, N. Lucas repeatedly grabbing Kausky's buttocks.

25. The Unwelcome Advances included, but were not limited to, N. Lucas telling Kausky, "I want to see you outside of work."

26. The Unwelcome Advances included, but were not limited to, N. Lucas asking Kausky for nude photographs of herself.

27. The Unwelcome Advances included, but were not limited to, N. Lucas attempting to kiss Kausky.

28. The Unwelcome Advances included, but were not limited to, N. Lucas telling Kausky, "I want to fuck you."

29. Kausky rejected the Unwelcome Advances.

30. Kausky was offended by the Unwelcome Advances.

31. A reasonable person similarly situated to Kausky would be offended by the Unwelcome Advances.

32. N. Lucas did not engage in conduct similar to the Unwelcome Advances upon male employees that were similarly situated to Kausky.

33. Upon information and belief, Defendant has a policy against discrimination and harassment in the workplace ("Harassment Policy").

34. A male supervisor engaging in conduct similar to the Unwelcome Advances violates the discrimination policy.

35. The Unwelcome Advances constituted sexual harassment.

36. The Unwelcome Advances created a sexually hostile work environment.

37. On or around February 22, 2021, N. Lucas again approached Kausky while she was cleaning a bathroom alone.

38. On or around February 22, 2021, N. Lucas again engaged in the Unwelcome Advances.

39. On or around February 22, 2021, Kausky reported N. Lucas's Unwelcome Advances to Chantell (Last Name Unknown) and Bobby (Last Name Unknown), the security guards at the facility Kausky was cleaning.

40. On or around February 22, 2021, Kausky texted Jeff Lucas and complained about the Unwelcome Advances. ("Harassment Complaint").

41. At all times relevant herein, J. Lucas was the owner of Sunnyside.

42. At all times relevant herein, J. Lucas had the authority to hire and fire Sunnyside's employees.

43. At all times relevant herein, J. Lucas had the authority to take tangible employment actions against Kausky.

44. J. Lucas is N. Lucas's brother.

45. Kausky's Harassment Complaint was a complaint of a violation of Defendant's Harassment Policy.

4

46. Defendant has a policy to investigate complaints of violations of the Harassment Policy ("Investigation Policy").

47. Pursuant to the Investigation Policy, an investigation should include interviewing the complainant.

48. Pursuant to the Investigation Policy, an investigation should include interviewing the subject of the complaint.

49. Pursuant to the Investigation Policy, an investigation should include interviewing the subject of the reported discrimination.

50. Pursuant to the Investigation Policy, an investigation should include interviewing witnesses to the reported discrimination.

51. Pursuant to the Investigation Policy, an investigation should include getting a written statement from the complainant.

52. Pursuant to the Investigation Policy, an investigation should include getting a written statement from the subject of the complaint.

53. Pursuant to the Investigation Policy, an investigation should include getting a written statement from the subject of the reported discrimination.

54. In response to Kausky's Harassment Complaint, Defendant did not interview Kausky.

55. In response to Kausky's Harassment Complaint, Defendant did not interview N. Lucas.

56. In response to Kausky's Harassment Complaint, Defendant did not interview witnesses.

57. In response to Kausky's Harassment Complaint, Defendant did not get a written statement from Kausky.

58. In response to Kausky's Harassment Complaint, Defendant did not get a written statement from N. Lucas.

59. In response to Kausky's Harassment Complaint, Defendant did not get a written statement from witnesses.

60. Defendant did not investigate Kausky's Harassment Complaint.

61. Defendant did not take action to correct the conduct Kausky complained of in the Harassment Complaint.

62. Defendant did not discipline N. Lucas at all based on the Harassment Complaint.

63. By not disciplining N. Lucas at all based on the Harassment Complaint, Defendant ratified N. Lucas's conduct.

64. By not disciplining N. Lucas at all based on the Harassment Complaint, Defendant allowed N. Lucas's conduct to continue.

65. After Kausky made her Harassment Complaint, Kausky resigned her employment with Defendant.

66. Kausky resigned her employment in order to escape N. Lucas's Unwanted Advances.

67. Defendants intended to create working conditions that were so unusually adverse that it would force Kausky to resign.

68. N. Lucas's Unwanted Advances created a hostile work environment.

69. N. Lucas's Unwanted Advances were severe and pervasive.

70. N. Lucas's Unwanted Advances were an adverse action.

71. N. Lucas's Unwanted Advances were an adverse employment action.

72. It was reasonable for Kausky to resign her employment in order to avoid N. Lucas.

73. N. Lucas's Unwanted Advances created a hostile working conditions that were so unusually adverse that it would force Kausky to resign.

74. Defendants knowingly created working conditions that were so unusually adverse that it would force Kausky to resign.

75. Defendants knowingly constructively discharged Kausky.

76. Defendants knowingly took an adverse employment action against Kausky.

77. Defendants knowingly took an adverse action against Kausky.

78. Defendants intentionally created working conditions that were so unusually adverse that it would force Kausky to resign.

79. Defendants intentionally constructively discharged Kausky.

80. Defendants intentionally took an adverse employment action against Kausky.

81. Defendants intentionally took an adverse action against Kausky.

82. Defendants knew creating working conditions that were so unusually adverse that it would force Kausky to resign would cause Kausky harm, including economic harm.

83. Defendants knew that constructively discharging Kausky would cause Kausky harm, including economic harm.

84. Defendants willfully created working conditions that were so unusually adverse that it would force Kausky to resign.

85. Defendants willfully constructively discharged Kausky.

86. Defendants willfully took an adverse employment action against Kausky.

87. Defendants willfully took an adverse action against Kausky.

88. The above facts demonstrate that Defendants engaged in a pattern and practice of gender discrimination.

89. The above facts demonstrate that Defendants engaged in a pattern and practice of sexual harassment.

90. The above facts demonstrate that Defendants willfully and knowingly created a hostile work environment.

91. There was a causal connection between Kausky's gender and Kausky's discharge.

92. As a result of being forced to resign, Kausky has suffered and will continue to suffer damages.

93. As a direct and proximate result of Defendant's conduct, Kausky suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages

## COUNT I: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

### (Defendant Sunnyside)

94. Kausky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. During her employment, Kausky was subjected to unwelcome sexual harassment in the form of sexual comments, unwelcomed touching, inappropriate sexual gestures, and sexual advances.

96. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

97. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

98. N. Lucas's sexual harassment of Kausky occurred while they were acting in the course and scope of their employment at Defendant.

99. Defendant had knowledge of N. Lucas's sexual harassment of Kausky and Defendant suffered and failed to take any corrective or remedial action.

8

100. Defendant condoned, tolerated, and ratified this harassing conduct.

101. This harassing conduct was severe and/or pervasive.

102. This harassing conduct was offensive to Kausky.

103. This harassing conduct interfered with Kausky's ability to perform her job duties.

104. Defendant constructively discharged Kausky.

105. N. Lucas's offensive and harassing conduct created a hostile and/or abusive work environment for Kausky.

106. N. Lucas's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Kausky.

107. As a result of Defendants' discrimination against Kausky in violation of Title VII, Kausky has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kausky to injunctive, equitable, and compensatory monetary relief.

108. As a result of Defendants' discrimination against Kausky in violation of Title VII, Kausky has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

109. In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of Kausky, thereby entitling Kausky to an award of punitive damages.

110. To remedy the violations of the rights of Kausky secured by Title VII of the Civil Rights Act, Kausky requests that the Court award her the relief demanded below.

## COUNT II: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Defendant Sunnyside)

111. Kausky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. During her employment, Kausky was subjected to unwelcome sexual harassment in the form of sexual comments, unwelcomed touching, inappropriate sexual gestures, and sexual advances.

113. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

114. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.01 *et seq.*

115. N. Lucas's sexual harassment of Kausky occurred while they were acting in the course and scope of their employment at Defendant.

116. Defendant had knowledge of N. Lucas's sexual harassment of Kausky and Defendant suffered and failed to take any corrective or remedial action.

117. Defendant condoned, tolerated, and ratified this harassing conduct.

118. This harassing conduct was severe and/or pervasive.

119. This harassing conduct was offensive to Kausky.

120. This harassing conduct interfered with Kausky's ability to perform her job duties.

121. Defendant constructively discharged Kausky.

122. N. Lucas's offensive and harassing conduct created a hostile and/or abusive work environment for Kausky.

123. N. Lucas's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Kausky.

124. As a result of Defendants' discrimination against Kausky in violation of R.C. § 4112.01 *et seq.*, Kausky has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kausky to injunctive, equitable, and compensatory monetary relief.

125. As a result of Defendants' discrimination against Kausky in violation of R.C. § 4112.01 *et seq.*, Kausky has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

126. In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of Kausky, thereby entitling Kausky to an award of punitive damages.

127. To remedy the violations of the rights of Kausky secured by R.C. § 4112.01 *et seq.* of the Civil Rights Act, Kausky requests that the Court award her the relief demanded below.

## COUNT III: AIDING AND ABETTING DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(J)

### (Defendant Lucas)

128. Kausky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

130. N. Lucas aided, abetted, incited, coerced, and/or compelled Sunnyside's discriminatory treatment of Kausky.

131. N. Lucas violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

132. As a direct and proximate result of Defendant's conduct, Kausky has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: BATTERY

### (Defendant Lucas)

133. Kausky restates each and every prior paragraph of this complaint, as if it were fully restated herein.

134. On or around February 22, 2021, N. Lucas grabbed Kausky's breasts and buttocks.

135. N. Lucas intended to contact Kausky's person.

136. N. Lucas's intended contact did occur.

137. Kausky was embarrassed by this physical contact.

138. Kausky was harmed by the physical contact.

139. N. Lucas's actions were the actual and proximate cause of the contact.

140. Kausky suffered harm as a result of Defendant's conduct and is entitled to compensatory damages and punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Renee Kausky requests judgment in her favor against Defendants, jointly and severally, and containing the following relief:

(a) An order directing Defendant to place Kausky in the position she would have occupied but for Defendants' discriminatory treatment, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Kausky;

(b) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Kausky for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(c) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Kausky for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Kausky for harm to her respective professional and personal reputations and loss of career fulfillment;

(e) An award of damages for any and all other monetary and/or non-monetary losses suffered by Kausky in an amount to be determined at trial, plus prejudgment interest;

(f) An award of punitive damages;

(g) An award of costs that Kausky has incurred in this action, as well as Kausky's reasonable attorneys' fees to the fullest extent permitted by law; and

(h) Awarding such other and further relief that this Court deems necessary and proper

Respectfully submitted,

*/s/ Trisha Breedlove* _____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com

*Attorneys For Plaintiff Renee Kausky*

## JURY DEMAND

Plaintiff Renee Kausky demands a trial by jury by the maximum number of jurors permitted.

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
*Attorney For Plaintiff Renee Kausky*

15